**PHILLIPS et, Plaintiffs-Appellees, v. LOWELLVILLE CONSTRUCTION CO., Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3760.   Decided April 13, 1955.

Paul A. Stevens, Youngstown, for plaintiffs-appellees.

Raleigh P. Swanner, Raymond J. Parillo, Youngstown, for defendant-appellant.

## OPINION

Per CURIAM.

The defendant-appellant drafted its own warranty deed conveying to plaintiff certain premises "free and clear of all incumbrances whatsoever except taxes becoming due and payable in December 1952 and thereafter which the grantees assume and agree to pay."

Two questions present themselves: First, in this action may the defendant by parol evidence show the actual consideration in the deed? Second, is the word "taxes" in this covenant of the deed broad enough to include "special assessments"?

If this were an action to reform the deed by the defendant then parol evidence would be admissible, but parol evidence in the absence of fraud or mistake is inadmissible to create, extend or limit covenants of title.   Jones v. Timmons, 21 Oh St 596.   Hoyt v. McDonough, 3 O. C. C. 177.

This deed must be construed most strongly against the grantor for the reason that the grantor drafted and executed it.   Goebel v. The Cincinnati Postal Terminal & Realty Co., 120 Oh St 19.

Assessments are distinguished from taxes proper.   See Reeves v. Treasurer of Wood County, 8 Oh St 333; Jackson, Treasurer, v. Board of Education, 115 Oh St 368; and Lima v. Cemetery Association, 42 Oh St 128.

We hold that the use of the word "taxes" as an exception in the deed does not include special assessments, and that the court was not in error in excluding parol evidence in this case, and that the judgment of the court of common pleas must be and hereby is affirmed.

PHILLIPS, PJ, GRIFFITH and NICHOLS, JJ, concur.